# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHELSEA LONG,<br><br>    Plaintiffs,<br><br>v.<br><br>DIAMOND DOLLS OF NEVADA, LLC, et al.,<br>    Defendants. | 3:19-cv-00652-LRH-CLB<br><br>**ORDER** |

Before the court is Plaintiff Chelsea Long's ("Long") Motion for Leave to file a Second Amended Complaint (ECF No. 10). Defendants Diamond Dolls of Nevada, LLC dba Spice House, Jamy Keshmiri, and Kamy Keshmiri ("Defendants") opposed, (ECF No. 13), and Long replied (ECF No. 14). For the following reasons, the motion to amend (ECF No. 10) is granted.

**I.      BACKGROUND**

Long is a former employee of defendant Diamond Dolls of Nevada, LLC ("Diamond Dolls"). Her employment ended in March 2019. On October 28, 2019, Long filed a complaint alleging, among other things, that during her employment she was subject to sexual harassment and retaliation in violation of 42 U.S.C. § 2000e, *et. seq.* by Defendants (ECF No. 1-1). Long filed a First Amended Complaint ("FAC") on October 29, 2019 (ECF No. 4). However, prior to Defendants filing any response to the FAC, Long filed the current motion seeking to amend the FAC in order to add Julie Ramos ("Ramos") (ECF No. 10).

**II.     DISCUSSION**

Long moves for leave to amend her complaint to add Ramos as a joint plaintiff (ECF No. 10 at 2). Long contends that Ramos's claims arise from the actions of the same person, the claims arise under the same legal principles, and she ended her

employment at the same time as Long following a meeting they jointly attended. Finally, she argues that the only reason Ramos was not named as a plaintiff from the inception of the lawsuit was related to the delay in receiving her "right to sue" letter from the EEOC, which has now been received.

Defendants' oppose Long's motion to amend arguing that seeking to add a plaintiff pursuant to Federal Rule of Civil Procedure 15(a) is improper. Defendants assert Plaintiffs are attempting to improperly "consolidate" two separate lawsuits, which is legally impermissible (ECF No. 13 at 2).

    A.    <u>Propriety of Amending Complaint Pursuant to Rule 15 to Add Plaintiff</u>

The first issue that the court must address in order to resolve this motion is whether Federal Rule of Civil Procedure 15, which defines the parameters for amending pleadings, is the proper procedural mechanism to add a party plaintiff to a lawsuit. As a starting point, Rule 15 itself is silent on this point. However, several rules exist within the Federal Rules of Civil Procedure that directly address the addition of parties to a lawsuit. For example, Rule 19 addresses the mandatory joinder of parties when the failure to join a party would prohibit the court from according complete relief in a lawsuit. Fed. R. Civ. Pro. 19. In addition, Rules 20 and 21 address the permissive joinder of parties as well as their misjoinder and severance. Fed. R. Civ. Pro. 20, 21. For example, Rule 21 states, "the court may at any time, on just terms, add or drop a party" and "sever any claim against a party." Finally, Rule 24 addresses when a non-party may intervene in a lawsuit, even when the current parties object to the non-party's participation. Fed. R. Civ. Pro. 24.

In light of these rules, a legitimate question arises as to whether Rule 15 is the proper procedural rule to add party via an amendment to a pleading. On the one hand, the specific rules cited above related to the joinder or addition of parties to a lawsuit would undermine the propriety of using Rule 15 to add a party plaintiff. However, although the language of Rule 15 is silent on this issue, the language of the rule is

extremely broad and does not prohibit an amendment to a complaint to add a plaintiff. *See* Fed. R. Civ. Pro. 15.

Although Defendants object to Long's attempt to use of Rule 15 for this purpose, their opposition fails to cite any case law which stands for the proposition that a motion to amend a complaint under Rule 15(a) cannot be used to add a plaintiff. By contrast, the decisions of district courts in other districts confirm that a motion to amend pursuant to Rule 15 can be used to add a plaintiff. *See e.g., In re Sunrise Sr. Living, Inc. Derivative Litigation*, 550 F.Supp.2d 1, 6 (D.D.C. 2008) (noting plaintiffs can be added by amendment); *Voilas v. General Motors Corp.*, 173 F.R.D. 389, 393 (D.N.J. 1997) (finding no legal impediment to adding plaintiff pursuant to Rule 15). Moreover, a leading legal treatise advises that a party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action, including plaintiffs. 6 Fed. Prac. & Proc. Civ. § 1474 (3d ed.) (types of Amendments Permitted Under Rule 15(a)).

The court finds that there does not appear to be a legal impediment to amending a pleading to add a party, including a plaintiff, pursuant to Rule 15. Therefore, the court will analyze this issue pursuant to Rule 15. However, as Long seeks to an add or join a party to this litigation, the court must also consider the applicable standards pursuant to Rule 21 for adding a party as well as Rule 20(a) related to permissive joinder.

A. <u>Rules 15 and 21</u>

Under Federal Rule of Civil Procedure 15(a), once a responsive pleading has been filed, a party must obtain leave of court or the written consent of the opposing party to amend his pleadings. "The court should freely give leave when justice so requires." Fed. R .Civ. P. 15(a)(2). However, the ability to amend is not without limits. Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain vs. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

Rule 21 does not provide any guidance with respect to the standard for adding parties except to say it must be done "on such terms as are just." Fed. R. Civ. Pro. 21. Therefore, courts apply the same standard for amending pleadings under Rule 15 to motions seeking to add parties. *Siren, Inc. v. Firstline Sec., Inc.*, No. 06–1109–PHX–RCB, 2006 WL 3257440, at *3 (D.Ariz. May 17, 2006); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980); *see also Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y.1972) (citing 3A Moore's Federal Practice § 21.05 (1970)) (Rule 21 affords broad discretion to court in adding or dropping parties).

The court finds that none of the factors applicable to Rules 15 and 21 weighs against allowing Long to file the second amended complaint. First, there is no showing of bad faith, as both Long and Ramos each received their Notices of Right to Sue from the Equal Opportunity Commission ("EEOC") at different times (Long in October and Ramos in December), and each is required to file a complaint within 90 days of receiving such a Notice. As such, until she received her notice from the EEOC, Ramos was precluded from filing a complaint before receiving the Notice. Additionally, there is no undue delay because defendants have not yet filed a responsive pleading in this matter and no discovery has occurred in this case.

Moreover, there does not appear to be any prejudice to Defendants. Although Defendants argue that Long and Ramos are not seeking to make a simple statement but are "seeking to radically expand the scope of this action by filing a 20-page second amended complaint, including five new causes of action by Ramos," the court disagrees. (ECF No. 13 at 10.) A review of the differences between the FAC, which is 19 pages, including 10 causes of action, and the proposed second amended complaint is only 21 pages, including only 9 causes of action. (*Compare* ECF No. 4, *with* ECF No. 10-1).

Finally, the court disagrees that the requested amendment would be entirely futile at this time. Defendants argue "there are several deficiencies" in the proposed second amended complaint which cannot possibly be cured, including improperly including "Doe" defendants in the complaint and that Long and Ramos "improperly assert their

sexual harassment and retaliation claims against" Defendants. While there may be some truth to these arguments, declining the motion for leave to amend would effectively be deciding the issues presented in this case as a matter of law. The court should freely grant leave to amend the complaint with extreme liberality because, on its face, the claims of the two women appear to be related. Therefore, at this early stage of the litigation, it is not clearly futile, and the court should not decline to grant Long leave to amend the complaint adding Ramos as a plaintiff for these reasons.

B.  Rule 20(a)

Federal Rule of Civil Procedure 20(a) allows for joinder of plaintiffs in one action if (1) they assert the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties will arise in the action. Fed. R. Civ. P. 20(a*); League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1977). The court must assure that permissive joinder comports with the principles of fundamental fairness, to promote judicial economy, and reduce inconvenience, delay, and added expense. *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997). Generally, this joinder rule is to be construed liberally in order to "entertain the broadest scope of action consistent with fairness to the parties." *League to Save Lake Tahoe,* 558 F.2d at 917; *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966). Claims arising from a systematic pattern of events may satisfy the same transaction or occurrence requirement of Rule 20. *Coughlin,* 130 F.3d at 1350.

Here, Long and Ramos plead sufficient facts showing a common pattern of logically related events involving many of the same individuals against whom their claims are asserted. Both Long and Ramos assert a variety of claims related to the actions, or inactions, of the same individuals; both were also involved in the same meeting, which resulted in their alleged constructive termination from employment by the defendants. Additionally, the second amended complaint raises several questions of law and fact that

facially appear to be common to both Long and Ramos.[1]  Although the complaint includes some claims that are relevant only to Long, Rule 20(a)(3) does not require each plaintiff to be interested in obtaining all the relief demanded.  Requiring Ramos to file a separate complaint and then to file a separate motion to consolidate her case, while an appropriate mechanism to accomplish the same goal, would be an unreasonable use of resources and of the court's time.  Therefore, in the interest of judicial economy and efficiency, the court finds that the Rule 20 requirements are met by Long and Ramos.

Because the court finds that the requirements of Rule 15 and Rule 20 have been met, the court grants the motion to amend.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the motion to amend (ECF No. 10) is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiffs shall file the amended complaint on or before **Friday, February 7, 2020.**

**DATED**:  January 29, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1]  That is not to say that as the litigation proceeds forward that defendants may not move or that the court may not exercise its discretion under Fed. R. Civ. Pro. Rule 21 to sever the parties if it appears that a misjoinder of the parties has occurred.